

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DAVID S. BRUCE,

          Plaintiff,

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,

          Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No.
01-CV-0168(HGM/GJD)

## __ANSWER__

Defendant UNITED STATES DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, by and through the United States Attorney's Office for the Northern District of New York (Paula Ryan Conan, Assistant United States Attorney, of counsel) answers the allegations in the Complaint herein as follows:

1. Paragraph 1 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

2. Paragraph 2 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

3. Defendant admits the allegations set forth in ¶ 3 of the Complaint.

4. Defendant admits the allegations set forth in ¶ 4 of the Complaint.

5. Defendant admits the allegations set forth in ¶ 5 of the Complaint.

6. Defendant admits the allegations set forth in ¶ 6 of the Complaint.

7. Defendant denies the allegations set forth in ¶ 7 of the Complaint, except to admit that on August 2, 2000, Administrative Judge Adria Zeldin closed plaintiff's case in front of the EEOC pursuant to a letter from plaintiff's counsel which stated that plaintiff had filed a civil action and was no longer participating in the EEOC administrative process.

8. Paragraph 8 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

9. Paragraph 9 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

10. Defendant is without knowledge or information sufficient to form a belief with respect to the allegations set forth in ¶ 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief with respect to the allegations set forth in ¶ 11 of the Complaint.

12. Defendant denies the allegations set forth in ¶ 12 of the Complaint.

13. Defendant admits the allegations set forth in ¶ 13 of the Complaint.

14. Defendant denies the allegations set forth in ¶ 14 of the Complaint.

15. Paragraph 15 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

16. Defendant denies the allegations set forth in ¶ 16 of the Complaint.

17. Defendant admits the allegations set forth in ¶ 17 of the Complaint.

18. Defendant admits the allegations set forth in ¶ 18 of the Complaint.

19. Defendant admits the allegations set forth in ¶ 19 of the Complaint.

20. Defendant admits the allegations set forth in ¶ 20 of the Complaint.

21. Defendant admits the allegations set forth in ¶ 21 of the Complaint.

22. Defendant admits the allegations set forth in ¶ 22 of the Complaint.

23. Defendant admits the allegations set forth in ¶ 23 of the Complaint.

24. Defendant admits the allegations set forth in ¶ 24 of the Complaint.

25. Defendant admits the allegations set forth in the first sentence set out in ¶ 25 of the Complaint. Defendant is without knowledge or information sufficient to form a belief with respect to the remaining allegations set forth in this paragraph.

26. Defendant denies the allegations set forth in ¶ 26 of the Complaint, except to admit that Special Agent Plue contacted plaintiff following his medical examination and requested additional medical information to address the medical issues noted during the examination.

27. Defendant admits the allegations set forth in ¶ 27 of the Complaint.

28. Defendant denies the allegations set forth in ¶ 28 of the Complaint, except to admit that in the Spring of 1998, Mr. Bruce submitted papers from physicians in response to Special Agent Plue's requests for additional information.

29. Defendant admits the allegations set forth in ¶ 29 of the Complaint.

30. Defendant admits the allegations set forth in ¶ 30 of the Complaint.

31. Defendant denies the allegations set forth in ¶ 31 of the Complaint, except to admit that plaintiff's Conditional Offer of Employment was rescinded because of his medical history, including concerns relating to his having diabetes, which precluded him from being considered for the Special Agent position.

32.     Defendant repeats and re-alleges its responses set forth to ¶¶ 1 - 31 of the Complaint, inclusive, as though fully set forth herein.

33.     Defendant admits the allegations set forth in ¶ 33 of the Complaint.

34.     Defendant denies the allegations set forth in ¶ 34 of the Complaint.

35.     Defendant admits the allegations set forth in ¶ 35 of the Complaint.

36.     Paragraph 36 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

37.     Paragraph 37 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

38.     Defendant denies the allegations set forth in ¶ 38 of the Complaint.

39.     Defendant denies the allegations set forth in ¶ 39 of the Complaint.

40.     Defendant denies the allegations set forth in ¶ 40 of the Complaint.

41.     Paragraph 41 of the Complaint sets forth conclusions of law and/or legal argument to which no answer is required, but if an answer is deemed required, such allegations are denied.

42.     Defendant denies each and every allegation set forth in the Complaint not otherwise specifically responded to herein.

### AFFIRMATIVE DEFENSE

1.     The Complaint fails to state a claim under the Rehabilitation Act of 1973 §§ 501-732, as amended 29 U.S.C. §§ 791-796h ("Rehabilitation Act") upon which relief can be granted.

2.     The Court lacks jurisdiction over the subject matter of this Complaint.

**WHEREFORE**, Defendant respectfully requests dismissal of the Complaint herein and such further relief that the Court may deem just

Dated: May 20, 2003

                                     GLENN T. SUDDABY
                                     United States Attorney
                                     Northern District of New York
                                     100 South Clinton Street
                                     Syracuse, New York 13261-7198
                                     Tel: (315) 448-0672

                       By: _____
                                     Paula Ryan Conan, Esquire
                                     Assistant U.S. Attorney
                                     Bar Roll No.102506

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

*****************************

DAVID S. BRUCE,

        Plaintiff,

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,

        Defendant.

*****************************

Civil Action No.
01-CV-0168(HGM/GJD)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Northern District of New York, and is a person of such age and discretion as to be competent to serve papers.

On May 20th, 2003, she served a copy of the attached

**ANSWER**

by placing said copy in an envelope addressed to the persons hereinafter named at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at 900 Federal Building, Syracuse, New York 13261.

ADDRESSEE(S):

Leslie C. Savage, Esquire
O'HARA & O'CONNELL
Suite 100
200 Salina Meadows Parkway
Syracuse, N.Y.   13212-4505

Christine L. Jerew
Legal Secretary