IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DAVID S. BRUCE,

        Plaintiff,

UNITED STATES DEPARTMENT OF
JUSTICE, FEDERAL BUREAU OF
INVESTIGATION,

        Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Civil Action No.
01-CV-0168 (HGM/GJD)

## SETTLEMENT AGREEMENT

Plaintiff, David S. Bruce, and Defendants, the United States Department of Justice (DOJ), the Federal Bureau of Investigation (FBI), the Attorney General, and the Director of the FBI (collectively, "Defendants") through their respective undersigned counsel, hereby agree to compromise Plaintiff's claims in the above-captioned litigation, as well as other potential claims by Plaintiff against Defendants. Plaintiff and Defendants are referred to herein collectively as the "parties."

### Terms of Settlement

The parties hereby agree to settle this litigation on the following terms:

PARAGRAPH ONE:  This Settlement Agreement (Agreement) constitutes the full settlement and satisfaction of any and all claims the Plaintiff now has or may hereinafter acquire against the Defendants and/or any and all of their current or former officers, employees, agents, successors, or assigns arising out of any incident, occurrence, act or omission which took place prior to the effective date of this Agreement.

PARAGRAPH TWO:  This Agreement shall not operate as or constitute an admission of liability, fault, or any violation of any law, rule, or regulation upon the part of the Defendants or upon the part of any agent or employee of the Defendants.

PARAGRAPH THREE:  Upon the complete execution of this Agreement, the Defendants will, through the United States Treasury pay Plaintiff the sum of twenty thousand dollars ($20,000.00) in settlement of all claims encompassed in this litigation, including all claims for attorney's fees and costs incurred by Plaintiff, all claims of physical and emotional injuries and medical costs, and all claims for back pay, front pay and any other claims for damages of any kind whatsoever.  Defendants will promptly submit the required forms for payment to the Department of Treasury upon complete execution of the Agreement.

PARAGRAPH FOUR:  Plaintiff agrees to have his counsel execute a Stipulation of Dismissal with Prejudice of this action in the form of Exhibit A, and return the Stipulation to Defendants upon execution of this Agreement.  Defendants will file the

Stipulation only upon notification from Plaintiff's counsel that the payment described in Paragraph Three above has been received.

PARAGRAPH FIVE: Plaintiff agrees that upon the execution of this Agreement he will relinquish any and all rights to pursue, initiate, opt into, join or reinstate any claims, complaints, grievances, or other proceedings, whether before the EEOC, the FBI, any court of the United States, any state court, or any other adjudicative body, which were or could have been raised on or before the effective date of this Agreement, based upon the allegations or subject matter of (i) this action, including but not limited to claims made pursuant the Rehabilitation Act of 1973, and any other federal, civil rights, employment discrimination, or employment related statute, rule or regulation; (ii) the formal complaint filed by Plaintiff with the EEOC on December 22, 1998 (F-98-5291); and (iii) any related allegations or claims cognizable under any other federal or state statute, or under any common law causes of action.

PARAGRAPH SIX: Plaintiff agrees that upon the execution of this Agreement he will release and forever discharge the Defendants and any and all of their current or former officers, employees, agents, successors, or assigns from any and all liability for any and all claims, complaints, grievances or other causes of action which were or could have been raised on or before the effective date of this Agreement.

PARAGRAPH SEVEN: Plaintiff agrees to accept the terms described above, in full settlement and satisfaction of any and all claims, demands, rights and causes of action of whatsoever kind and nature, arising from and by reason of any and all known and unknown, foreseen and unforeseen injuries and consequences thereof, including those resulting, and to result, from the same subject matter that gave rise to the above-captioned action, including any claims for compensatory damages, attorney's fees, costs, or other monetary or equitable relief that Plaintiff had against Defendants, their agents, servants, and employees, with regard to Plaintiff's allegations in this cause of action.

PARAGRAPH EIGHT: Plaintiff agrees that in entering this Agreement, he gives up all rights to seek, from Defendants, their agents, employees, or representatives, any additional payments in the form of benefits, interest, attorney's fees, costs, damages, expenses, and any other monetary or equitable relief, incurred before the date of the execution of this Agreement and based upon the allegations or subject matter of this action.

PARAGRAPH NINE: Materials produced in discovery were designated as protected materials under the privacy protective order in this action. The parties agree that all copies thereof, will be returned to counsel for the producing party within thirty (30) days after the execution of this Agreement. Any document created by any party that contains or reflects protected materials will be destroyed by respective parties' counsel

4

within thirty (30) days after the execution of this Agreement, and counsel shall certify their destruction.

PARAGRAPH TEN:  The parties agree that terms and conditions set forth in this Agreement constitute the complete Agreement reached by the parties in this matter, and no statement, remark, agreement or understanding, oral or written which is not contained herein shall be recognized or enforced.  The parties also agree that this Agreement constitutes a total settlement involving any disputes surrounding any and all actions and incidents which gave rise to the filing of the complaint in this action by Plaintiff.  Plaintiff agrees that by signing this Agreement, he releases Defendants, their agents and employees from any and all liability for any cause whatsoever, including claims for attorneys' fees and costs not already provided for in this Agreement, whether such cause or claims are known or unknown, liquidated or unliquidated, vested or contingent.

PARAGRAPH ELEVEN: in signing this Agreement, Plaintiff acknowledges the following:

a)  That he has read and understands this Agreement;

b)  That he has had ample opportunity to and been encouraged to consult with his attorney prior to signing this Agreement; and

c)  That he signs this Agreement voluntarily and understands that this Agreement contains a full and final release of all claims that he has or may have against the United

States of America, the DOJ, the Attorney General, the FBI, the Director of the Federal Bureau of Investigation, and any and all of their current or former officers, employees, agents, successors, or assigns as of the effective date of this Agreement.

PARAGRAPH TWELVE: This Agreement is effective on the date of the last signature herein.

PARAGRAPH THIRTEEN: Neither party is an infant or other person incompetent to defend their rights.

12·17·03
DATE

*[signature]*
Attorneys for Plaintiff

12·17-03
DATE

*[signature]*
DAVID SCOTT BRUCE
Plaintiff

12/18/03
DATE

*[signature]*
GLENN T. SUDDABY
United States Attorney

By: *[signature]*
Paula Ryan Conan – 102506
Assistant U.S. Attorney
(Attorneys for Defendants)

6